IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MATTHEW GLEN MORROW, )
 )
      Plaintiff, )
 )
v. ) Case No. CIV-09-633-M
 )
JUSTIN JONES, *et al.*, )
 )
      Defendants. )

**REPORT AND RECOMMENDATION:
MOTION TO DISMISS BY K.C. MOON AND JULIE ROSE-WRIGHT**

Mr. Matthew Morrow is a state inmate and practicing Satanist. Invoking 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, the Plaintiff alleges interference with the practice of his religion and seeks monetary and declaratory relief. Second Amended Complaint at pp. 4-19 (Aug. 2, 2010) ("Second Amended Complaint").

Defendants K.C. Moon and Julie Rose-Wright[1] have moved for dismissal. *See* Defendants' Ford, Moon and Wright's Motion to Dismiss and Brief in Support (Aug. 24, 2010) ("Motion to Dismiss").[2] The motion should be granted in part and denied in part.

---

[1] In the second amended complaint, Mr. Morrow indicates that "Rose" and "Julie Wright" are separate people. Second Amended Complaint at pp. 1-3. However, "Rose" and "Julie Wright" are apparently the same person. *See* Recording of Oral Argument on Plaintiff's Motion for Leave to Amend the Complaint (Third Amended Complaint) (Apr. 18, 2011).

[2] The motion to dismiss was also filed on behalf of Lieutenant Ford; however, another attorney filed a separate dispositive motion for this individual and the Court struck Mr. Ford as a party to the present motion. Order (Aug. 26, 2011).

## STANDARD FOR DISMISSAL

The Defendants seek dismissal under Fed. R. Civ. P. 12(b)(6). Motion to Dismiss at p. 1. Under this rule, the Court must assume the truth of all well-pleaded factual allegations in the second amended complaint and construe them in the light most favorable to the Plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).[3]

## OFFICIAL CAPACITY CLAIMS

Mr. Morrow seeks monetary damages and retrospective declaratory relief under Section 1983 and RLUIPA. In part, Defendants Moon and Rose-Wright request dismissal on grounds that the Eleventh Amendment shields them from liability in their official capacities. Motion to Dismiss at pp. 10-14.[4] The undersigned disagrees.

The Eleventh Amendment bars suit in federal court when the state "is the real, substantial party in interest." *Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001).

The Plaintiff has alleged that Defendants Moon and Rose-Wright are employees of "the Defendant G.E.O." Second Amended Complaint at p. 3. Defense counsel disagrees,

---

[3] Because Mr. Morrow was represented by counsel when he filed the second amended complaint, the pleading is not entitled to liberal construction. *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) ("While we generally construe pro se pleadings liberally, the same courtesy need not be extended to licensed attorneys." (citations omitted)).

[4] In the second amended complaint, Mr. Morrow did not state that he was asserting liability against K.C. Moon and Julie Rose-Wright in their official capacities. For purposes of their motion to dismiss, the Court can assume *arguendo* that Mr. Morrow had intended to assert an official-capacity claim. With this assumption, the official-capacity claims would duplicate the causes of action elsewhere advanced against G.E.O. Corp. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (citation omitted)).

2

stating in footnotes that these individuals are actually employees of the State of Oklahoma. Motion to Dismiss at p. 3 nn.2-3. But these unsupported statements are not considered part of the record. *See* LCvR 7.1(j) ("Factual statements . . . appearing only in briefs shall not be deemed to be a part of the record in the case, unless specifically permitted by the Court.").

If the factual allegations in the second amended complaint are presumed true, as required,[5] the Court would need to regard Defendants Moon and Rose-Wright as employees of a private corporation and Mr. Morrow's official capacity claims would not involve the state.[6] Accordingly, the Court should reject the argument for dismissal based on the Eleventh Amendment.

## INDIVIDUAL CAPACITY CLAIMS

The Defendants seek dismissal in their individual capacities, arguing:

- a failure to allege personal participation under Section 1983 and
- an absence of individual liability under RLUIPA.

Motion to Dismiss at pp. 5-8, 11. Both arguments are correct.

I.   Section 1983 Claims

The causes of action under Section 1983 should be dismissed for failure to state a valid claim. Even with all reasonable inferences drawn in the Plaintiff's favor, the second

---

[5]   *See supra* p. 2.

[6]   *See Jones v. Barry*, 33 Fed. Appx. 967, 971 n.5 (10th Cir. Apr. 25, 2002) (unpublished op.) (holding that employees of a private prison lack an "official capacity" for purposes of the Eleventh Amendment).

amended complaint would not suggest personal participation by K.C. Moon or Julie Rose-Wright in the alleged constitutional violations.

A. Requirement for Participation for Liability Under Section 1983

Personal participation is necessary for individual liability under Section 1983. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim." (citations omitted)). Thus, Mr. Morrow "must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1948 (2009).

B. Defendant K.C. Moon

K.C. Moon is one of the defendants. *See* Second Amended Complaint at pp. 1, 3. However, the Plaintiff never mentions this individual in the body of the second amended complaint. *See id.*, *passim*. In these circumstances, K.C. Moon is entitled to dismissal of the individual-capacity claims under Section 1983.

C. Defendant Julie Rose-Wright

The Plaintiff alleges that Ms. Rose-Wright was informed on three occasions that other prison officials had not responded to requests to staff or grievances. Second Amended Complaint at pp. 6, 13. But this allegation fails to state a valid claim for relief.

Mr. Morrow does not suggest any action by Ms. Rose-Wright to interfere with religious practices. And her alleged inaction during the grievance process would not indicate personal participation in the underlying violations. *See Gallagher v. Shelton*, 587 F.3d 1063,

4

1069 (10th Cir. 2009). Accordingly, the Court should dismiss the Section 1983 claims against Ms. Rose-Wright in her personal capacity.

II. Individual Capacity Claims Arising Under RLUIPA

Three circuit courts of appeals have addressed whether RLUIPA can be asserted against a defendant in his individual capacity, and each has answered in the negative.[7] The Western District Court of Oklahoma adopted this view in *Raheem v. Miller*, 2010 WL 2595112, Westlaw op. at 12 (W.D. Okla. May 14, 2010) (unpublished report and recommendation by magistrate judge), *adopted*, 2010 WL 2595082 (W.D. Okla. June 23, 2010) (unpublished order by district judge). The Court should follow its prior decision in *Raheem* and hold that RLUIPA does not authorize a private right of action against a defendant sued in his personal capacity. Consequently, the Court should dismiss the RLUIPA claim against K.C. Moon and Julie Rose-Wright in their individual capacities.[8]

---

[7] *See Rendelman v. Rouse*, 569 F.3d 182 (4th Cir. 2009) (holding that RLUIPA did not authorize a claim for damages in the defendant's individual capacity); *Sossamon v. Texas*, 560 F.3d 316, 328-30 (5th Cir. 2009) (holding that an action under RLUIPA does not exist for individual-capacity claims), *aff'd*, __ U.S. __, 131 S. Ct. 1651 (2011); *Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007) (holding that the defendants could not incur liability in their individual capacities under Section 3 of RLUIPA), *abrogated in part on other grounds*, *Sossamon v. Texas*, __ U.S. __, 131 S. Ct. 1651 (2011).

[8] Mr. Morrow apparently recognizes his inability to obtain relief under RLUIPA, as he states that his first attorney's "deletion of all injunctive relief" in the second amended complaint "means that [his] case cannot be considered pursuant to RLUIPA." Plaintiff's Motion for Leave to File Amended Complaint at p. 8 (July 25, 2011).

## SUMMARY OF THE RECOMMENDED RULINGS

The Court should overrule the Defendants' motion to dismiss on grounds of Eleventh Amendment immunity. However, Defendants Moon and Rose-Wright are entitled to dismissal of the individual capacity claims under Section 1983 and RLUIPA.

## NOTICE OF THE RIGHT TO OBJECT

The parties can object to this report and recommendation. To object, the party must file an objection with the Clerk of this Court by September 12, 2011. *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2009 supp.). The failure to timely object would foreclose appellate review of the suggested rulings.[9]

## STATUS OF THE REFERRAL

The present report does not discharge the referral.

Entered this 26th day of August, 2011.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[9] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").