IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MATTHEW GLEN MORROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-633-M |
| | ) | |
| JUSTIN JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION: MOTION TO
DISMISS BY JUSTIN JONES, DEBBIE MORTON, AND LEO BROWN**

Mr. Matthew Morrow is a state inmate and practicing Satanist. Invoking 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, the Plaintiff alleges that state and private prison officials have interfered with the practice of his religion. Second Amended Complaint at pp. 4-18 (Aug. 2, 2010) ("Second Amended Complaint"). Mr. Morrow seeks declaratory and monetary relief. *Id.* at p. 19.

Oklahoma Department of Corrections ("DOC") officials Justin Jones, Debbie Morton, and Leo Brown have moved in part for dismissal. *See* Motion to Dismiss/Motion for Summary Judgment and Brief in Support (Aug.12, 2010) ("Motion to Dismiss"). The motion should be granted.

STANDARD FOR DISMISSAL

In part, the Defendants seek dismissal under Fed. R. Civ. P. 12(b)(6). Motion to Dismiss at p. 1. Under this rule, the Court must assume the truth of all well-pleaded factual allegations in the second amended complaint and construe them in the light most favorable to the Plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).[1]

OFFICIAL CAPACITY CLAIMS

Mr. Morrow seeks monetary and declaratory relief under Section 1983 and RLUIPA. In their official capacities, Defendants Jones, Morton, and Brown would enjoy Eleventh Amendment immunity for these claims.[2]

I. The Plaintiff's Request for Monetary Relief

Defendants Jones, Morton, and Brown are employees of the Department of Corrections. *See* Second Amended Complaint at pp. 2-3. Thus, the official capacity claims for damages against Mr. Jones, Ms. Morton, and Mr. Brown are foreclosed under the Eleventh Amendment.

This amendment bars suit in federal court against a state. *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). When a state official is named

---

[1] Because Mr. Morrow was represented by counsel when he filed the second amended complaint, the Court need not liberally construe the document. *See Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007) ("While we generally construe pro se pleadings liberally, the same courtesy need not be extended to licensed attorneys." (citations omitted)).

[2] The Court may assume *arguendo* that the Plaintiff had intended to assert official-capacity claims against Mr. Jones, Ms. Morton, and Mr. Brown.

as a defendant, the Eleventh Amendment continues to bar the action "if the state is the real, substantial party in interest." *Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001). An exception exists when Eleventh Amendment immunity is waived by the State or abrogated by Congress. *See Chaffin v. Kansas State Fair Board*, 348 F.3d 850, 866 (10th Cir. 2003). But the State of Oklahoma has not waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51 § 152.1(B) (2001) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution"). And Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of Section 1983[3] or RLUIPA.[4] Thus, the Eleventh Amendment forecloses assertion of an official capacity claim against Mr. Jones, Mr. Brown, and Ms. Morton for monetary relief. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 120 (1984).

II.  The Plaintiff's Request for Declaratory Relief

Official capacity claims for equitable relief are subject to the Eleventh Amendment when they are retrospective. *See Tarrant Regional Water District v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008) (citing *Edelman v. Jordan*, 415 U.S. 651, 667-69 (1974)). Relief is considered "retrospective" when it is "related solely to past violations of federal law." *Green v. Mansour*, 474 U.S. 64, 67 (1985).

---

[3] *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).

[4] *See Sossamon v. Texas*, __ U.S. __, 131 S. Ct. 1651, 1658-61 (2011).

Mr. Morrow seeks a declaration that the Defendants violated his rights, causing economic harm and creating liability. Second Amended Complaint at pp. 17-19. This declaration would relate only to past violations and would be "indistinguishable in many aspects from an award of damages against the State" and would "to a virtual certainty [require payment] from state funds." *Edelman v. Jordan*, 415 U.S. at 668. Consequently, the Eleventh Amendment bars Mr. Morrow's request for retrospective declaratory relief.[5]

## INDIVIDUAL CAPACITY CLAIMS

The Defendants seek dismissal in their individual capacities, arguing:

- a failure to allege personal participation under Section 1983 and

- an absence of individual liability under RLUIPA.

Motion to Dismiss at pp. 6-9, 12. Both arguments are correct.

I. Section 1983 Claims

In their personal capacities, Mr. Jones, Ms. Morton, and Mr. Brown are entitled to dismissal of the causes of action under Section 1983. Even with all reasonable inferences drawn in Mr. Morrow's favor, the second amended complaint would not suggest personal participation by Mr. Jones, Ms. Morton, or Mr. Brown in the alleged constitutional violations.

---

[5] *See Edelman v. Jordan*, 415 U.S. at 667-69; *see also Buchwald v. University of New Mexico School of Medicine*, 159 F.3d 487, 494-95 (10th Cir. 1998) ("To the extent that plaintiff seeks a declaration that defendants violated her rights . . ., her claims are barred by the Eleventh Amendment." (citation omitted)).

4

A.      The Need to Allege Personal Participation

Personal participation is necessary for individual liability under Section 1983. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim." (citations omitted)). Thus, Mr. Morrow "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1948 (2009).

B.      Defendant Justin Jones

Mr. Jones has been named a defendant and described as the DOC Director. *See* Second Amended Complaint at pp. 1-3. However, the Plaintiff does not mention Mr. Jones in the body of the second amended complaint and makes no allegations about his participation in the violation of Mr. Morrow's rights. *See id.*, *passim*. In these circumstances, the Court should dismiss the Section 1983 claims against Mr. Jones in his individual capacity.

C.      Defendant Debbie Morton

The Plaintiff alleges that Ms. Morton:

- rejected a grievance appeal in April 2007 for inaccurate reasons,
- denied grievance appeals in January and March 2009, and
- rejected a grievance appeal in February 2009 "for no specific reason."

*Id.* at pp. 10, 14-15. But these connections are insufficient for personal participation in the alleged interference with Mr. Morrow's religion.

In *Gallagher v. Shelton*, the Tenth Circuit Court of Appeals stated:

> We agree with the reasoning in our previous unpublished decisions that a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.

*Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted).

This decision entitles Ms. Morton to dismissal in her individual capacity. Under *Gallagher*, her only alleged acts - denial or rejection of grievances - would not reflect personal participation in the interference with Mr. Morrow's religious practices.

D.  Defendant Leo Brown

According to Mr. Morrow, Defendant Brown is liable because he:

- approved the accommodation of Satanism, but limited Satanists to the religious objects already approved under DOC policy and

- ignored two requests to staff and a grievance in which the Plaintiff sought additional religious objects.

Second Amended Complaint at pp. 7-8, 11-12.

In the second amended complaint, Mr. Morrow describes Mr. Brown's job title as the "Agency Chaplain for the Oklahoma Department of Corrections." Second Amended Complaint at p. 3. But the Plaintiff does not articulate Mr. Brown's job responsibilities or duties. In the absence of any allegation that Mr. Brown had the authority to provide religious objects not approved by DOC policy, Mr. Morrow has failed to state a valid claim that Defendant Brown had caused the alleged violations. And, Mr. Brown's failure to respond to the requests to staff and grievance would not create personal liability. *See supra* pp. 5-6.

Accordingly, the Court should dismiss the Section 1983 individual capacity claims against Mr. Brown.

II.     Individual Capacity Claims Arising Under RLUIPA

Three circuit courts of appeals have addressed whether RLUIPA can be asserted against a defendant in his individual capacity, and each answered in the negative.[6] The Western District Court of Oklahoma adopted this view in *Raheem v. Miller*, 2010 WL 2595112, Westlaw op. at 12 (W.D. Okla. May 14, 2010) (unpublished report and recommendation by magistrate judge), *adopted*, 2010 WL 2595082 (W.D. Okla. June 23, 2010) (unpublished order by district judge). The Court should follow its prior decision in *Raheem* and hold that RLUIPA does not authorize a private right of action against a defendant sued in his personal capacity. Consequently, the Court should dismiss the RLUIPA claims against Mr. Jones, Ms. Morton, and Mr. Brown in their individual capacities.[7]

---

[6]     *See Rendelman v. Rouse*, 569 F.3d 182 (4th Cir. 2009) (holding that RLUIPA did not authorize a claim for damages in the defendant's individual capacity); *Sossamon v. Texas*, 560 F.3d 316, 328-30 (5th Cir. 2009) (holding that an action under RLUIPA does not exist for individual-capacity claims), *aff'd*, __ U.S. __, 131 S. Ct. 1651 (2011); *Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007) (holding that the defendants could not incur liability in their individual capacities under Section 3 of RLUIPA), *abrogated in part on other grounds*, *Sossamon v. Texas*, __ U.S. __, 131 S. Ct. 1651 (2011).

[7]     Mr. Morrow apparently recognizes his inability to obtain relief under RLUIPA, as he states that his first attorney's "deletion of all injunctive relief" in the second amended complaint "means that [his] case cannot be considered pursuant to RLUIPA." Plaintiff's Motion for Leave to File Amended Complaint at p. 8 (July 25, 2011).

## RECOMMENDED RULING

The Court should grant the motion to dismiss by Defendants Jones, Morton, and Brown.

## NOTICE OF THE RIGHT TO OBJECT

The parties can object to this report and recommendation. To object, the party must file an objection with the Clerk of this Court by September 12, 2011. *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2009 supp.). The failure to timely object would foreclose appellate review of the suggested ruling.[8]

## STATUS OF THE REFERRAL

The present report does not discharge the referral.

Entered this 26th day of August, 2011.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[8] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").