IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| MATTHEW GLEN MORROW, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-633-M |
| | ) | |
| JUSTIN JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION: MOTION TO DISMISS
BY DEFENDANTS MILLER, TINKER, FORD,
RAGER, SCHNEE, CALDWELL, MANUEL, GIBSON, AND BOWEN**

Mr. Matthew Morrow is a state inmate and practicing Satanist. Invoking 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, the Plaintiff alleges that state and private prison officials have interfered with the practice of his religion. Second Amended Complaint at pp. 4-18 (Aug. 2, 2010) ("Second Amended Complaint"). Mr. Morrow seeks declaratory and monetary relief. *Id.* at pp. 18-19.

Lawton Correctional Facility ("LCF") officials David Miller, R. Tinker, Ralph Ford, Jack Rager, Ronald Schnee, Dean Caldwell, Manuel, Bill Gibson and Bowen[1] have moved in part for dismissal. *See* Motion to Dismiss/Motion for Summary Judgment and Brief in Support (Aug.16, 2010) ("Motion to Dismiss"). The motion should be granted.

---

[1] In the body of the second amended complaint, Mr. Morrow refers to "LCF Defendant Major." Second Amended Complaint at p. 6. However, the Plaintiff has not listed a Mr. or Ms. Major as a defendant. *See id.* at pp. 1-4.

## STANDARD FOR DISMISSAL

The argument for dismissal is based in part on Fed. R. Civ. P. 12(b)(6).[2] Motion to Dismiss at p. 1. Under this rule, the Court must assume the truth of all well-pleaded factual allegations in the second amended complaint and construe them in the light most favorable to the Plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).[3]

## SECTION 1983 CLAIMS

All of the Section 1983 claims accruing before June 12, 2007, are time-barred as a matter of law. For the Section 1983 claims accruing on or after June 12, 2007, Defendants Miller, Tinker, Ford, Rager, Schnee, Caldwell, Manuel, Gibson, and Bowen are entitled to dismissal based on their lack of personal participation in the alleged violations.

I. Statute of Limitations: Claims Arising Before June 12, 2007

Defendants Miller, Tinker, Ford, Rager, Schnee, Caldwell, Manuel, Gibson, and Bowen argue that the Section 1983 claims preceding June 12, 2007, would be time-barred. Motion to Dismiss at p. 7. The Defendants are correct, and the Court should dismiss these claims.

---

[2] The Defendants have also cited Federal Rule of Civil Procedure 12(b)(1). *See* Motion to Dismiss at p. 1. But this rule addresses motions to dismiss based on a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). The Defendants have not raised any arguments involving subject-matter jurisdiction.

[3] Because Mr. Morrow was represented by counsel when he filed the second amended complaint, the pleading is not entitled to liberal construction. *See Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007) ("While we generally construe pro se pleadings liberally, the same courtesy need not be extended to licensed attorneys." (citations omitted)).

For the Section 1983 claims, the period of limitations is governed by Oklahoma's provision for personal injury actions. *See Meade v. Grubbs*, 841 F.2d 1512, 1524 (10th Cir. 1988). In Oklahoma, the limitations period for personal injury actions is two years. *See* Okla. Stat. tit. 12 § 95(A)(3)(2001). "'A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005) (citation omitted).

Mr. Morrow specifically identifies the misdeeds which allegedly took place from July 2004 to January 2009, and he clearly knew or had reason to know of the injuries he was suffering each time the Defendants allegedly interfered with his religious practices. *See* Second Amended Complaint at pp. 5-15. Thus, each claim accrued when the alleged violation was committed. *See supra* p. 3.

While proceeding *pro se*, Mr. Morrow filed the original complaint on June 12, 2009. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (June 16, 2009).[4] Even if the second amended complaint were to relate back to the initial complaint,[5] the claims arising more than two years earlier would be time-barred. *See supra* p. 3. Accordingly, dismissal is necessary on all claims involving misconduct preceding June 12, 2007. This dismissal

---

[4]  The complaint was file-stamped on June 16, 2009; however, it was deemed "filed" on the day that Mr. Morrow gave it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). Mr. Morrow signed and verified the complaint on June 12, 2009. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 17 (June 16, 2009). The Court may assume *arguendo* that he had given it to authorities on the same day.

[5]  *See* Fed. R. Civ. P. 15(c)(1)(B).

would effectively terminate all of the Section 1983 claims against Defendants Rager, Schnee, Caldwell and Bowen.

II.     Personal Participation: Claims Arising On or After June 12, 2007

For all claims accruing on or after June 12, 2007, the Court should grant dismissal on the Section 1983 claims to Defendants Miller, Tinker, Ford, Manuel, and Gibson in their personal capacities. Even with all reasonable inferences drawn in favor of Mr. Morrow, the second amended complaint would not suggest personal participation by these defendants in the alleged constitutional violations.

   A.   Need for Personal Participation

Personal participation is necessary for individual liability under Section 1983. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim." (citations omitted)). Thus, Mr. Morrow "must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1948 (2009). For this reason, a supervisor can only incur liability for his or her own misconduct, not on knowledge of wrongdoing by a subordinate. *Id.* at 1949.

   B.   Defendant Miller

Mr. Morrow seeks to impose liability on Mr. Miller, the LCF warden. According to the second amended complaint, Mr. Miller's alleged misdeeds on or after June 12, 2007, involved:

4

- failure to answer a request to staff in July 2008 and

- denial of grievances in September 2008 and April 2009.

Second Amended Complaint at pp. 11-15. But these acts are insufficient to indicate Mr. Miller's personal participation in the alleged violations.

In *Gallagher v. Shelton*, the Tenth Circuit Court of Appeals stated:

> We agree with the reasoning in our previous unpublished decisions that a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.

*Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted).

This decision entitles Mr. Miller to dismissal of the claims. Under *Gallagher*, his only alleged acts - ignoring or denying administrative complaints - would not reflect personal participation in the interference with Mr. Morrow's religious practices. Thus, the Section 1983 claims against Mr. Miller should be dismissed.

### C. Defendant Tinker

Mr. Morrow also sues Defendant Tinker in his individual capacity. After June 2007,[6] Mr. Tinker allegedly:

- failed to respond to 33 requests to staff for additional religious items,

- inaccurately stated that he had timely responded to a request to staff, when the response had actually been untimely, and

---

[6] *See supra* p. 3.

- responded to the Plaintiff's request to staff, informing him that Islamic inmates, but not Satanic inmates, had been allowed to meet despite a facility lockdown because of a preference for "yearly seasonal events."

Second Amended Complaint at pp. 11-13. These allegations fail to state a valid claim.

As noted above, Mr. Tinker's failure to timely or properly respond to requests to staff would not suggest personal participation in the violation of Mr. Morrow's constitutional rights. *See supra* pp. 4-5. And, personal participation cannot be based on Mr. Tinker's after-the-fact response to a complaint regarding favoritism toward Islamic inmates. In these circumstances, the Court should dismiss the Section 1983 claims against Mr. Tinker in his individual capacity.

D. <u>Defendant Ford</u>

According to Mr. Morrow, Defendant Ford:

- required further information on a grievance and then denied the grievance based on that information,

- failed to respond to a request to staff for clarification involving the rejection of a grievance,

- gave inaccurate information regarding the prison's procedures for logging requests to staff, and

- informed Mr. Morrow that his grievance had been lost and would need to be resubmitted.

Second Amended Complaint at pp. 12-15.

Mr. Morrow seeks relief based on interference with the practice of his religion. *See supra* p. 1. However, the complaints concerning Mr. Ford revolve around his handling of grievances and requests to staff. Even if the allegations were true, they would not indicate Mr. Ford's personal participation in the violation of the Plaintiff's religious rights. *See supra* p. 5. Accordingly, these claims should be dismissed.

E.  Defendant Manuel

Mr. Morrow names "Manuel" as a defendant and describes this person as a resident of Oklahoma and agent or employee of LCF. Second Amended Complaint at pp. 1, 3. However, the Plaintiff makes no allegations regarding this person in the body of his second amended complaint. *See id.*, *passim*. Thus, Manuel is entitled to dismissal on grounds involving a lack of personal participation.

F.  Defendant Gibson

The Plaintiff seeks relief against Mr. Gibson based on the failure to respond to a request to staff in July 2008. Second Amended Complaint at p. 13. Under *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009), this act would not reflect personal participation in the violation of Mr. Morrow's constitutional rights. *See supra* p. 5. As a result, the Court should dismiss the Section 1983 claim against Mr. Gibson.

## RLUIPA CLAIMS

Three circuit courts of appeals have addressed whether RLUIPA can be asserted against a defendant in his individual capacity, and each answered in the negative.[7] The Western District Court of Oklahoma adopted this view in *Raheem v. Miller*, 2010 WL 2595112, Westlaw op. at 12 (W.D. Okla. May 14, 2010) (unpublished report and recommendation by magistrate judge), *adopted*, 2011 WL 2595082 (W.D. Okla. June 23, 2010) (unpublished order by district judge). The Court should follow its prior decision in *Raheem* and hold that RLUIPA does not authorize a private right of action against a defendant sued in his personal capacity. Consequently, the Court should dismiss the RLUIPA claims against Defendants Miller, Tinker, Ford, Rager, Schnee, Caldwell, Manuel, Gibson, and Bowen.[8]

## RECOMMENDED RULING

The Court should grant the motion to dismiss by Defendants Miller, Tinker, Ford, Rager, Schnee, Caldwell, Manuel, Gibson, and Bowen.

---

[7] *See Rendelman v. Rouse*, 569 F.3d 182 (4th Cir. 2009) (holding that RLUIPA did not authorize a claim for damages in the defendant's individual capacity); *Sossamon v. Texas*, 560 F.3d 316, 328-30 (5th Cir. 2009) (holding that an action under RLUIPA does not exist for individual-capacity claims), *aff'd*, __ U.S. __, 131 S. Ct. 1651 (2011); *Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007) (holding that the defendants could not incur liability in their individual capacities under Section 3 of RLUIPA), *abrogated in part on other grounds*, *Sossamon v. Texas*, __ U.S. __, 131 S. Ct. 1651 (2011).

[8] Mr. Morrow apparently recognizes his inability to obtain relief under RLUIPA, as he states that his first attorney's "deletion of all injunctive relief" in the second amended complaint "means that [his] case cannot be considered pursuant to RLUIPA." Plaintiff's Motion for Leave to File Amended Complaint at p. 8 (July 25, 2011).

A time-bar precludes the Section 1983 claims arising before June 12, 2007, and Mr. Morrow has not adequately alleged individual participation for subsequent causes of action.

RLUIPA does not create a cause of action against Defendants Miller, Tinker, Ford, Rager, Schnee, Caldwell, Manuel, Gibson, and Bowen in their personal capacities. As a result, the Court should dismiss the RLUIPA claims against these individuals.

## NOTICE OF THE RIGHT TO OBJECT

The parties can object to this report and recommendation. To object, the party must file an objection with the Clerk of this Court by September 12, 2011. *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2009 supp.). The failure to timely object would foreclose appellate review of the suggested ruling.[9]

## STATUS OF THE REFERRAL

The present report does not discharge the referral.

Entered this 26th day of August, 2011.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[9] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

9