IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MATTHEW GLEN MORROW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-09-633-M |
| | ) |
| JUSTIN JONES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION:**
**MOTION TO DISMISS BY THE GEO GROUP, INC.**

Over fourteen months ago, Matthew Glen Morrow sued The GEO Group, Inc.[1] This company moves to dismiss for failure to effect timely service of process, and the Court should grant the motion.

Under Fed. R. Civ. P. 4(m), the Plaintiff had 120 days to effect service of process. GEO Group, Inc. was added as a party on August 2, 2010. Thus, the 120-day period ended on November 30, 2011.

On August 17, 2011, GEO Group, Inc. filed the motion to dismiss based on failure to effect service.[2] Under Local Civil Rule 7.1(g), the Plaintiff had 21 days to respond. The Court notified Mr. Morrow of his duty to respond within the 21-day period and reminded him

---

[1]    Second Amended Complaint at pp. 1-2 (Aug. 2, 2010).

[2]    *See Cardenas v. Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) ("A defendant may enforce the service of process requirements through a pretrial motion to dismiss." (citing Fed. R. Civ. P. 12(b)(5)).

that this deadline would fall on September 7, 2011.[3] At Mr. Morrow's request, the Court later extended this deadline another 23 days, which would end on September 30, 2011. The Court reminded Mr. Morrow of this deadline and stated:

> The failure to timely comply with the extended deadline or show timely service of process on GEO Group, Inc. by September 30, 2011, could result in confession of the motion to dismiss under Local Civil Rule 7.1(g) and/or involuntary dismissal of all claims against GEO Group, Inc. under FRCP 4(m).[4]

The Court later extended this deadline another ten days,[5] giving the Plaintiff a total of 54 days to respond to the motion to dismiss. Still, however, the Plaintiff failed to respond. And, he has not served The GEO Group, Inc. in the 14+ months that have passed since his initiation of a claim against this party.

Notwithstanding the Plaintiff's apparent failure to effect service, the Court must consider whether the record reflects "good cause" for another extension of time.[6] Three factors are pertinent:

- the statute of limitations,
- service on the United States, and
- evasion of service.[7]

---

[3]  Order (Aug. 22, 2011).

[4]  Order (Sept. 12, 2011).

[5]  Order (Sept. 30, 2011).

[6]  *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[7]  *See Espinoza v. United States*, 52 F.3d at 842.

These factors do not support another extension of time for service.

First, the Court should consider whether the statute of limitations would bar refiling of a claim against The GEO Group, Inc.[8]  Because the dismissal would be based on nonservice, rather than the merits, Oklahoma's saving statute would apply.[9]  Under this law, Mr. Morrow could refile the claim against The GEO Group, Inc. within one year of the dismissal if the present claim were considered timely.  If the present action were considered untimely, of course, Mr. Morrow would not have been able to recover against The GEO Group, Inc. even if he had effected timely service.  As a result, the first factor weighs against a further extension of time for service.

Second, the Court should consider whether a plaintiff has unsuccessfully attempted to serve the United States.[10]  Here, the lack of service does not involve the United States.

Third, courts may consider whether the defendants are avoiding service.[11]  No evidence exists regarding evasion of service on the part of The GEO Group, Inc.

---

[8]    *See Espinoza v. United States*, 52 F.3d at 842.

[9]    *See* Okla. Stat. tit. 12 § 100 (2001); *see also Mott v. Carlson*, 786 P.2d 1247, 1248 (Okla. 1990) (stating that a suit dismissed for failure to serve a summons under state law may be refiled within one year under Okla. Stat. tit. 12 § 100); *cf. Grider v. USX Corp.*, 847 P.2d 779, 783 (Okla. 1993) (stating that Okla. Stat. tit. 12 § 100 "applies to extend the limitations period regardless whether the dismissed suit was filed in state court or federal court sitting within the state of Oklahoma" (citation omitted)).

[10]   *See Espinoza v. United States*, 52 F.3d at 842.

[11]   *See Hendry v. Schneider*, 116 F.3d 446, 449 n.2 (10th Cir. 1997) ("Evasion of service has been held to constitute 'good cause.'" (citations omitted)).

Because the three factors weigh against a further extension of time for service, the Court should grant the motion to dismiss by The GEO Group, Inc. However, the dismissal should be without prejudice to the filing of a new action against the company.

Mr. Morrow has the right to object to the present report. Any such objection must be filed with the Clerk of this Court by November 10, 2011.[12] The failure to timely object would foreclose appellate review of the suggested ruling.[13]

The referral is discharged.

Entered this 24th day of October, 2011.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[12] *See* 28 U.S.C. 636(b)(1) (2009 supp.); Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2).

[13] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").